[File No. 6398.]

COUNTY OF GRAND FORKS, a Municipal Corporation, Respondent, v. EMERY DuFAULT, Alba DuFault, His Wife and Five Minor Children, Appellants.

(267 N. W. 136.)

Opinion filed April 15, 1936.   Rehearing denied May 21, 1936.

*Carroll E. Day,* for appellants.

*W. B. Arnold,* State's Attorney,·for respondent.

*A. A. Trost,* County Attorney, amicus curiæ.

BURKE, Ch. J.   The above entitled action was submitted to this court on February 5, 1936, on appeal from the district court of Grand Forks county from an order made by said court, under the poor relief statute, directing the removal of the defendants from Grand Forks county, North Dakota to Marshall county, Minnesota on the ground and for the reason, as stated in said order, that the defendants are residents of Marshall county, Minnesota, and that the said defendants are now or likely to become public charges if allowed to remain in said Grand Forks county.

From this order the defendants duly appeal and demand is made for a trial de novo in this court.

It is the contention of the appellants that the DuFault family were residents of the State of North Dakota when proceedings for their removal began and that the court erred in making an order for their removal to the state of Minnesota.   The procedure for removal was under § 14, chapter 119 of the Session Laws of 1935.   If appellants are right in their contention, that the DuFault family were residents of Grand Forks county for poor relief at the time of the commencement of the proceedings in said action, the order of removal was erroneous.

Mrs. DuFault testified:   "I am a resident of the city of Grand Forks.   Previous residence was Argyle, Marshall county, Minnesota. Came to Grand Forks in the middle of September, 1934, with the family intending to establish a residence in Grand Forks county and have continuously lived in Grand Forks county since that time.   We

did receive some relief in Marshall county for about three or four months during the summer of 1934. The last was on the 19 of August 1934; that was the last relief we received from Marshall county. The first relief we received from Grand Forks county was September 30, 1935. It was emergency relief. We applied for it in Grand Forks county September 28, 1935; that is the first relief we received in Grand Forks county. The medicine came through the school nurse. The nurse sent the girl home with a slip that we should go and see Dr. Hofta and he would give her something for her hand. They thought it was eczema. We got some kind of salve but did not see Dr. Hofta. It seemed to be too strong for her and we couldn't use it. We never received any relief from Grand Forks county before September 30, 1935. Prior to that time we wanted to see if our boy could join the CCC. We lived in Marshall county all our lives until we came to Grand Forks. Mr. DuFault was farming. We came here by truck. We paid for it. Marshall county did not assist us at all. They knew we were coming to Grand Forks county. We were not on relief when we moved. We had our stock from farming. We disposed of it before we came in the spring of 1934. We were farming that season with tractor and we had our crop. I do not know just how much money. I couldn't say exactly what we got for it. I couldn't say exactly when we came to Grand Forks but we rented the house on September 27, 1934. We were here before that, but didn't have a house of our own. We went up to the relief department to see about work. Mr. DuFault was employed at the time. We applied for work because all the work that was to be had here in town was all relief, so we couldn't get any. Mr. Serene told us that after we had been here a year he could take care of us just as well as any of them. Mr. DuFault is working at the present time. He has been working since October 16. During that time we did not get help. The relief was given when we had no work. We never received relief from Marshall county before the summer of 1934 nor from any organization or society. I figure we have lost our residence out there now. We were here about three weeks or two and a half weeks before we rented the house and it was around the 12th of September we arrived. We pay fifteen dollars a month for the house. We came to Grand Forks be-

cause we thought we could make a better living. If we stayed over there the only thing was relief. Right now we do not need relief."

Mr. DuFault testified: "I am working for J. A. Jardine Bridge Company, a bridge contractor on the road. It will last until it gets too cold or too stormy. Got that job through the employment office. I get forty cents an hour, eight hours a day, six days in the week, and I have been working there since the 16th, almost two weeks. I saw the relief worker at Warren before I came here and told him I wanted to come over here to Grand Forks. I had prospects for a job. I didn't get on right away. I got a job with the Grand Forks Ice and Fuel Company in the ice house. I was supposed to work for the Red River Produce Company. I worked for the ice company until the 2d of March. Next job was in April for the street department for five or six weeks, then I was with the Red River Power Company two months."

The testimony of Mr. and Mrs. DuFault is not disputed. In fact it is conceded that Mr. and Mrs. DuFault came with their family to Grand Forks in September, 1934, and have lived continuously in said Grand Forks county for more than a year and they did not receive any relief from Grand Forks county during the first year of their residence, except some salve furnished through the school nurse for one of the children.

The law establishing residence for poor relief administration is found in subdivision 4 of § 4 of chapter 97, Session Laws 1933, as amended by chapter 119 of the Session Laws of 1935. The material part of said section reads as follows, to-wit: "Each male person and each unmarried female over the age of twenty-one years, who shall have resided one year continuously in any county in this state, shall thereby gain a residence in such county. . . . The time during which a person has been an inmate of a hospital, poor house, jail, prison, or other public institution, and each month during which he has received relief from the poor fund of any county, and/or from funds provided by the State and/or by the Federal Government, or has received Mother's Pension, shall be excluded in determining the time of residence hereunder."

The application for an order to show cause is dated October 2, 1935. On that date the defendants had been residents of the State of North Dakota for more than one year, and none of them had been, during

said year, in a hospital, poor house, jail, prison, or other public institution, and none received relief from the poor fund of any county, or from the funds provided by the state or by the Federal Government, or had received a mother's pension.

The voluntary contribution of the salve through the school nurse is not such relief as is intended to toll the statute and prevent the defendants from becoming residents of Grand Forks county at the expiration of one year's residence. The defendants, by their own efforts, lived continuously in Grand Forks county for more than a year before proceedings were brought for their removal to the state of Minnesota. They had become and were legal residents of Grand Forks county at the time such proceedings were instituted, and the order for their removal is erroneous.

The judgment is reversed.

CHRISTIANSON, MORRIS, NUESSLE and BURR, JJ., concur.